MSSB-113 (12/17)

**Fill in this information to identify your case:**

Debtor 1    Latoya R. Mitchell
            Full Name (First, Middle, Last)

Debtor 2
(Spouse, if filing)    Full Name (First, Middle, Last)

United States Bankruptcy Court for the: Southern    District of  Mississippi

Case number    19-03394
(If known)

☐ Check if this is an amended
  plan, and list below the
  sections of the plan that have
  been changed.

_____

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance    12/17

| Part 1: | Notices |
|---|---|

**To Debtors:**    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ☐ Included | ☑ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ☐ Included | ☑ Not included |

**Part 2:**    **Plan Payments and Length of Plan**

**2.1 Length of Plan.**

The plan period shall be for a period of ___60___ months, not to be less than 36 months or less than 60 months for above median income debtor(s).  If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make regular payments to the trustee as follows:**

Debtor shall pay $ ___57.92___ ( ☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee.  Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> Cintas Corp
> 6800 Cintas Blvd
> Cincinnati, OH 45262

Joint Debtor shall pay $ _____ ( ☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly ) to the chapter 13 trustee.  Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply .*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____

_____

**2.4 Additional payments.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

**Part 3:**    **Treatment of Secured Claims**

**3.1 Mortgages.  (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.)**

*Check all that apply.*

☑ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**   ☐ **Principal Residence Mortgages:**  All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below.  Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1ˢᵗ  Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No


1ˢᵗ  Mtg arrears to _____ Through _____ $ _____


**3.1(b)**  ☐ **Non-Principal Residence Mortgages:**  All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below.  Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property 1 address: _____

Mtg pmts to _____

Beginning _____ @ $ _____ ☐ Plan ☐ Direct.  Includes escrow ☐ Yes ☐ No


Property 1: Mtg arrears to _____ Through _____ $ _____


**3.1(c)**  ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: _____ Approx. amt. due: _____ Int. Rate*: _____

Property Address: _____

Principal Balance to be paid with interest at the rate above: _____
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)

Portion of claim to be paid without interest:  $ _____
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance:  $ _____ /month, beginning _____
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim.  Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| | | | | | |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| | | | |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

For vehicles identified in § 3.2: The current mileage is

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1)   incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2)   incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below.  Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below.  In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Tracier | 2007 Lexus | 8,705.00 | 6.75 |

*Unless otherwise ordered by the court, the interest rate shall be the current *Till* rate in this District.

*Insert additional claims as needed.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).  Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | _____ |

*Insert additional claims as needed.*

**3.5 Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| CPS | 2012 Chevy Malibu |

*Insert additional claims as needed.*

---

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

☑ No look fee: $ 3600.00 .

Total attorney fee charged: $ 3600.00 .

Attorney fee previously paid: $ 340.00 .

Attorney fee to be paid in plan
per confirmation order: $ 3260.00 .

☐ Hourly fee: $ . (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ Internal Revenue Service $ .

☐ Mississippi Dept. of Revenue $ .

☐ Other

$ .

**4.5 Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

DUE TO:

POST PETITION OBLIGATION:  In the amount of $ per month beginning

To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE:  In the total amount of $ through which shall be paid

in full over the plan term, unless stated otherwise:

To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

*Insert additional claims as needed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---------|-------------------------------------------|

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ -0- .

☐ _____ % of the total amount of these claims, an estimated payment of $ .

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ -0- .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| | | | |

---

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule.  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| | | $ | $ | |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | | |

*Insert additional claims as needed.*

---

| Part 7: | Vesting of Property of the Estate |
|---|---|

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.**

---

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

---

**Part 9:**      **Signature(s):**

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

✘ /s/Latoya R. Mitchell
Signature of Debtor 1

Executed on   10/21/2019
                        MM  /  DD  / YYYY

791 W. County Line Road Apt 206
Address Line 1

Address Line 2

Jackson, MS 39213
City, State, and Zip Code

Telephone Number


✘
Signature of Debtor 2

Executed on
                        MM  /  DD  / YYYY

Address Line 1

Address Line 2

City, State, and Zip Code

Telephone Number


✘ /s/Robert Rex McRaney, Jr.
Signature of Attorney for Debtor(s)

P O Drawer 1397
Address Line 1

Address Line 2

Clinton, MS 39060
City, State, and Zip Code

601-924-5961              2808
Telephone Number        MS Bar Number

mcraneylaw@gmail.com
Email Address

Date   10/21/2019
            MM  /  DD  / YYYY